THE OVERSEERS OF THE POOR OF THE TOWN OF OWAS-CO, *against* THE OVERSEERS OF THE POOR OF THE TOWN OF OSWEGATCHIE.

ON certiorari from the general sessions of the peace of the county of St. Lawrence.

Two justices made an order for the removal of the children of Diana, a black woman, by her husband, Peters, from Oswegatchie to Owasco, in St. Lawrence county. On appeal by the overseers of Owasco, the general sessions affirmed the order. It was admitted, on the hearing, that Peters had never gained any settlement in Owasco, or elsewhere in this state; that Diana, the mother, was born in Owasco, and the order of removal was made on this ground, as the residence of the children would follow that of the mother.

*The binding of a child by its mother, living the father; he not dissenting, and the child serving two years according to the indenture, confers a settlement on the child.*

Daniel Kellogg was sworn at the hearing before the sessions, on the part of the appellants; and testified that in the

fall of 1804 or 1805, Diana, the mother, then single, came to reside with him at Marcellus, (Onondaga county,) where he then and now resides. That there was a writing made between the witness and the mother of Diana, under which she served; but which he had lost, and could not find on diligent search. The writing was signed by the mother of Diana. She had, at that time, a husband living, who did not act in the contract. The witness did not remember whether the contract was signed by him or not.

The court below decided that this contract was not binding within the statute.

The appellants then offered to prove that the contract was in the usual form of an indenture of apprenticeship; and that Diana was bound by it to serve a term of more than two years. But the court refused to hear any parol evidence of the contents of the contract.

The witness then stated that he clothed and provided for Diana; and that she served the term specified in the contract; that Elizabeth was the reputed wife of one De Witt; but that she had absconded, and lived with a black man called Cuff, sometime before the birth of Diana; that at the time of the binding, she lived with Cuff, who, though he knew of it, did not interfere with the contract; nor did any other person.

*John Porter*, for the plaintiffs in error.

*B. Perkins*, contra.

*Curia*, per SUTHERLAND, J. The court below clearly erred in rejecting the parol evidence offered, if a valid indenture was shown to have been given. The objection was, that it was executed by the mother, and not by the father. It appears, that at the birth of Diana, (but how long before does not appear,) the mother lived with a man who was not her husband, and continued to live with him when she bound the child to Kellogg. She served her time out with Kellogg, and the father does not appear ever to have interfered, or manifested any disapprobation of the binding. The case of *The Overseers of Hudson* v. *The Overseers of Tagh*

*kanuc*, (13 John. 245,) is precisely in point. The objection there was, that the binding was by the mother, (the father being alive ;) but it was held that the indenture was only voidable at the instance of the father; and that a binding by a voidable indenture, and a service under it for two years, gives an apprentice a settlement in the town where he serves ; and it is not competent for the town to object to the validity of the binding. Though Diana, was born in Owasco, an offer was made of competent evidence, to show that she subsequently acquired a settlement in Marcellus. This having been rejected by the court below, their order must be reversed.

Order reversed.